IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


MARY ALICE WILLIAMSON                                              PLAINTIFF

vs.                                Civil No. 6:12-cv-06001

MICHAEL J. ASTRUE                                                  DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Mary Alice Williamson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI") and

a period of disability under Titles II and XVI of the Act.  The parties have consented to the

jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 9.[1]  Pursuant to this authority, the Court issues this memorandum opinion and

orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for DIB and SSI on June 22, 2009.  (Tr. 17, 112-

115).  Plaintiff alleged she was disabled due to arthritis, hypothyroidism, right knee pain, insomnia,

depression, migraines, and attention deficit hyperactivity disorder.  (Tr. 140).  Plaintiff alleged an

onset date of May 22, 2008.  (Tr. 140).  These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

1

reconsideration.  (Tr. 52-68).  Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted.  (Tr. 69-70).

Plaintiff's administrative hearing was held on August 13, 2010, in Hot Springs, AR.  (Tr. 27-47).  Plaintiff was present and was represented by counsel, Randy Rainwater, at this hearing.  *Id.* Plaintiff and Vocational Expert ("VE") Nancy Hughes, testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was thirty (30) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a ninth grade education.  (Tr. 30).

On November 10, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI.  (Tr. 17-26).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2009.  (Tr. 19, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 22, 2008. (Tr. 19, Finding 2).

The ALJ determined Plaintiff had the severe impairments of back and neck pain, ischemia, gout, depression, and anxiety.  (Tr. 19, Finding 3).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 20, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 22-25, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform less than the full range of light work.  *Id.*  Due to obesity, Plaintiff is limited to occasional climbing, bending, and stooping.  In addition, Plaintiff is limited to semi-skilled work involving tasks no more complex than those learned by experience.  Plaintiff is capable of using judgment within reasonable limits, and requires little supervision for routine tasks; however, she

2

requires detailed supervision for non-routine tasks. *Id.*

The ALJ also evaluated Plaintiff's Past Relevant Work. ("PRW"). (Tr. 25, Finding 6). The ALJ determined Plaintiff was capable of performing her PRW as a poultry boner. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from May 22, 2008 through the date of the ALJ's decision. (Tr. 25, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 8-9). *See* 20 C.F.R. § 404.968. The Appeals Council entered their unfavorable decision on November 3, 2011. (Tr. 1-6). On January 3, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 3, 2012. ECF No. 9. Both Parties have filed appeal briefs. ECF Nos. 14, 16. This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

4

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 14.  Specifically, Plaintiff claims the following: (1) the ALJ erred in finding Plaintiff could perform her PRW work and other work in the national economy, (2) the ALJ did not consider Plaintiff's impairments in combination, and (3) the ALJ improperly discounted her subjective complaints.  ECF No. 14, Pgs. 10-14.  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 16.

**A. PRW Determination**

Plaintiff claims substantial evidence does not support the ALJ's finding that Plaintiff could perform her PRW.  Defendant claims substantial evidence supports the ALJ's decision that Plaintiff has the RFC to perform her PRW as a poultry boner.  This Court finds the ALJ's determination that Plaintiff has the RFC to perform her PRW  is supported by substantial evidence and  in making that determination, the ALJ provided a sufficient basis for his determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and

for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).   Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found Plaintiff retained the RFC to perform less than the full range of light work, but due to obesity, is limited to occasional climbing, bending, and stooping.  In addition, The ALJ found Plaintiff is limited to semi-skilled work involving tasks no more complex than those learned by experience; capable of using judgment within reasonable limits, and requires little supervision for routine tasks; however, she requires detailed supervision for non-routine tasks.  (Tr. 22, Finding 5).  The ALJ went on to find Plaintiff's PRW as a poultry boner did not require performance of work-related activities precluded by the Plaintiff's RFC.  (Tr. 25).  This finding was supported by the testimony of the VE.  (Tr. 43-44).  As a result, the ALJ determined Plaintiff had not been under a disability at anytime through the date of his decision.  (Tr. 25).

Plaintiff argues the ALJ did not fully accept the medical evidence.  Specifically, Plaintiff claims the ALJ did not consider the opinion of Winston Brown, a state agency medical consultant who reviewed Plaintiff's medical record in October 2009.  ECF No. 14, Pgs. 10-11.  Mr. Brown prepared a Psychiatric Review Technique on October 15, 2009.  (Tr. 441-454).

The ALJ did consider the report of Mr. Brown.  The ALJ discussed in detail the findings of Mr. Brown and considered those opinions in his decision.  (Tr. 24-25).  Additionally, the ALJ stated he only gave "some weight" to these opinions based on the fact Mr. Brown is not considered an acceptable medical source, but was familiar with the Social Security disability program.  (Tr. 25).

6

The ALJ's RFC determination is also supported by the findings of Dr. Betty Feir, who performed a Mental Diagnostic Evaluation on Plaintiff on October 8, 2009. (Tr. 324-328). In the mental status portion of the report, Dr. Feir indicated Plaintiff was cooperative and polite, her speech was clear and understandable, her thought process logical and relevant, and she did not exhibit delusional behavior. (Tr. 325-326).

According to Dr. Feir, the Plaintiff indicated she had anxiety and depression, but not enough that would keep her from working. (Tr. 327). Dr. Feir found Plaintiff had the capacity to interact in a socially adequate manner, concentrate and comprehend effectively in the interview, had the capacity to cope with the cognitive demands of work, and Plaintiff reported no problems in finishing work tasks in an acceptable time frame. (Tr. 327-328).

There is substantial evidence of record to support the ALJ's RFC finding and conclusion, based upon proper VE testimony, that Plaintiff remains capable of performing his PRW as a poultry boner.

**B.  Combination of Impairments**

Plaintiff argues the ALJ erred by failing to consider all of her impairments in combination. ECF No. 14, Pg. 12. However, under the facts in the present case and after a thorough review of the ALJ's opinion and the record in this case, this Court finds the ALJ properly considered Plaintiff's impairments in combination.

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2006). In the present action, in reviewing these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination*

of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 20, Finding 4) (emphasis added). The ALJ also found, "after careful consideration of the entire record," the Plaintiff had the RFC to perform light work with additional limitations. (Tr. 22, Finding 5). The ALJ went on to state Plaintiff's RFC would not preclude her from performing her PRW as a poultry boner. (Tr. 25, Finding 6).

These statements are sufficient under Eighth Circuit precedent to establish that the ALJ properly considered the combined effect of a claimant's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination. Plaintiff has alleged she suffers from a number of impairments. However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates the ALJ properly considered the combined effect of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

### C. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 14, Pg. 12. Specifically, Plaintiff claims the ALJ erred by failing to give more weight to her subjective complaints. *See id.* In response, Defendant argues that the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski.* ECF No. 16, Pgs. 9-10.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain;

(3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of

medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

 The factors must be analyzed and considered in light of the claimant's subjective complaints

of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ

acknowledges and examines these factors prior to discounting the claimant's subjective complaints.

*See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these

five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not

entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v.*

*Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's

subjective complaints "solely because the objective medical evidence does not fully support them

[the subjective complaints]." *Polaski,* 739 F.2d at 1322.

 When discounting a claimant's complaint of pain, the ALJ must make a specific credibility

determination, articulating the reasons for discrediting the testimony, addressing any

inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

 [2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints.  In his opinion, the ALJ addressed the factors from *Polaski* and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record.  (Tr. 22-24). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain or inability to engage in sedentary work, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) No use of medication for her alleged impairments, and (5) Inconsistencies in statements given to consultative medical examiners.  *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed.  *See Lowe,* 226 F.3d at 971-72.  Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this 24th **day of January 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE